IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:22 CR 160 SNLJ |
| LAMAD J. CROSS, | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Tim J. Willis, Assistant United States Attorney for said District, and for the Government's Sentencing Memorandum states as follows:

**Facts and Circumstances of the Offense**

This investigation began after Cape Girardeau Police officers recovered a Glock pistol which had a "Glock Switch" installed, converting into an illegal machinegun. (PSR ¶ 13)[1] Investigators traced the Glock pistol to an individual who admitted that they had engaged in a straw purchase of the pistol for a Lamad Cross. (Id)

A confidential informant for the Bureau of Alcohol, Tobacco, Firearms and Explosives began discussing firearms with Cross, including machine gun conversion devices. (PSR ¶ 15) On September 19, 2022, Cross informed the CI that he had one device to sell and would send a

---

1. PSR ¶ 13: Paragraph 13 of the Presentence Investigation Report, Doc. # 35 herein.

1

girlfriend to deliver it. (Id) Cross sold the device for $800 and indicated that the CI could get a better deal if multiple devices were purchased. (Id)

On September 27, 2022, Cross met with the CI transferred three drop-in auto sear devices. (PSR ¶ 16) Cross indicated that he was thinking about obtaining AR-15s to place the devices in to sell as a whole unit. (Id)

On October 12, 2022, Cross agreed to sell three more drop-in auto sears to the CI. (PSR ¶ 17) Cross sent a second female subject who met with an ATF Agent acting in an under-cover capacity and provided the three devices for $1,900. (Id) Later that same day Cross brokered a deal for a friend to sell the CI a "Glock switch". (Id)

## Advisory Sentencing Guidelines Range

The Base Offense Level was determined to be 22 under USSG Section 2K2.1(a)(3). (PSR ¶ 26). Two levels were added pursuant to Section 2K2.2(b)(1)(A), as the offense involved seven Machine guns. (PSR ¶ 27) The Adjusted Offense Level was determined to be 24. (PSR ¶ 31)

Three levels were subtracted for acceptance of responsibility and early notification of the defendant's intention to plead guilty. (PSR ¶ 33-34) The Total Offense level was determined to be 21. (PSR ¶ 35)[2]

The defendant has a total of 9 criminal history points based on his convictions; however two additional points were added as Cross was on felony probation in two separate cases. (PSR ¶ 43) As a result, Cross's Criminal History Category is V. (PSR ¶ 44)

With a total offense level of 21 and a criminal history category of V, the advisory Sentencing Guidelines range is 70-87 months3. (PSR ¶ 69)

---

2. The Government acknowledges that Missouri Amendment 3 (2022) is anticipated to affect the defendant's

**Sentencing Factors Under 21 U.S.C. Section 3553(a)**

Title 18 United States Code, Section 3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. The Court should also consider the need for the sentence imposed to; reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Government submits that the relevant factors as applied to the defendant's case are as follows.

**A. The nature and circumstances of the offense**:

The facts and circumstances of the offense as reflected in the Plea Stipulation and Presentence Report indicate a serious risk of harm to others. Cross sold at least 7 machinegun conversion devices to an informant for the ATF. The evidence indicated that he was involved in the straw purchase of a pistol which was later recovered with another machinegun conversion device installed. Cross told the informant that he had sold 2 more devices to someone else (PSR ¶ 15), although that was never verified. Cross also told the informant that he was contemplating buying AR-15 rifles to install the devices in so that he could sell them as a unit. Finally, Cross involved at least two women in his crimes, sending them to deliver devices.

Cross's involvement in this offense is not simply a fluke. He did not simply trip across a

---

criminal history sometime in 2023, reducing the base offense level to 20 and total offense level to 19, resulting in an advisory Sentencing Guidelines range of 57-71 months. (PSR ¶ 87) The Court should take this into consideration when passing sentence herein.

device and found an opportunity to sell, Cross was in the business of selling illegal machineguns, and made at least $4,650 of which the Government is aware. (PSR ¶ 19)

In this case, fortunately it appears that law enforcement was able to recover most of the devices, yet Cross's conduct posed a tremendous risk to the public, which clearly supports a significant sentence of incarceration.

**B. History and characteristics of the defendant**:

Cross has a history of criminality and delinquency which dates to his teens. At age 18, Cross was sentenced to 3 years in prison for forgery in Morgan County Illinois case 17 CF 53, and for 2 years in prison for possession of a stolen motor vehicle in Sangamon County case 17 CF 401. (PSR ¶ 38-39) Paroled in both cases on April 22, 2019, his parole would also be revoked in both cases in August of that same year.

On August 2, 2019, While Cross was on parole in those two cases he was arrested for aggravated unlawful use of a weapon in a vehicle in Morgan County Illinois and charged in case 19 CF 132. (PSR ¶ 40) Sentenced June 1, 2022, Cross was given 60 days in jail and 18 months probation. (Id) Cross was on probation for this offense when the instant offenses occurred herein. (Id)

On September 22, 2021, Cross was sentenced to 4 years in prison, SES and placed on 5 years probation in Dunklin County Missouri for felony resisting arrest by fleeing and possession of marijuana with intent to distribute in case 21 DU-CR 00281-01. (PSR ¶ 41) Cross had fled police, driving at excessive speeds in an area with heavy traffic. (Id) Cross was also on felony probation for these offenses when the instant offenses occurred and is likewise pending revocation. (Id)

4

Cross's history of criminality and delinquency, including his inability to follow the rules of probation and parole supports a significant sentence of incarceration.

**C. Reflecting the seriousness of the offense, promoting respect for the law, providing just Punishment and affording adequate deterrence to criminal conduct**:

Cross's conduct in selling unlawful machineguns placed the public at serious risk of harm. The Government believes that a significant sentence of incarceration is necessary to adequately reflect the seriousness of the offense, promote respect for the law, and promote just punishment as well as afford adequate deterrence to criminal conduct. It is believed that a sentence at the high end of the advisory guidelines range will accomplish that goal.

**D. Unwarranted Sentencing disparity:**

The Government asserts that a sentence within the advisory guidelines range would not create an unwarranted sentencing disparity with other similarly situated defendants.

**Conclusion**

Given the nature and circumstances of the offenses, as well as the history and characteristics of the defendant, a sentence at the top end of the advisory guidelines range is appropriate to protect the public from further crimes by the defendant, deter others from committing crimes, and promote the purposes of sentencing as set out in Section 3553(a).

The Government recommends a sentence at the top end of the advisory sentencing guidelines range. Additionally, as Cross has a history of probation / parole violation and was under court supervision for two separate, unrelated felony offenses at the time of the instant offenses, the Government requests that any sentence of incarceration imposed herein be ordered consecutively to Morgan County Illinois cause 19 CF 132, and Dunklin County Missouri cause

21 DU-CR 00281-01, in keeping with Application Note 4(C) of Section 5G1.3(d). The Government also recommends a term of supervised release of 3 years.

    Respectfully submitted,

    SAYLER A. FLEMING
    United States Attorney

    /s/ Tim J. Willis
    Tim J. Willis, #62428MO
    Assistant United States Attorney
    555 Independence, 3rd floor
    Cape Girardeau, Missouri 63703
    Telephone: (573) 334-3736
    Facsimile: (573) 335-2393
    E-mail: timothy.willis2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

    /s/ Tim J. Willis
    Tim J. Willis, #62428MO
    Assistant United States Attorney